# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
MLD MORTGAGE INC. d/b/a THE MONEY STORE,

                           Plaintiff,

       -against-

DENISE VERACKA,

                           Defendant.

-------------------------------------------------------------------------X

Index No.:
Date purchased:

SUMMONS

Plaintiff designates Nassau
County as the place of trial.

The basis of venue is the
residence of Plaintiff

To the above-named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on plaintiffs' attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 8, 2021

                                                       _____
                                                       Keith J. Frank, Esq.
                                                       FORCHELLI DEEGAN TERRANA LLP
                                                       Attorneys for Plaintiff
                                                       MLD MORTGAGE INC. d/b/a THE
                                                       MONEY STORE
                                                       333 Earle Ovington Boulevard, Suite 1010
                                                       Uniondale, NY 11530
                                                       (516) 248-1700

Defendant's Address:
Denise Veracka
206 Lenox Ct.
Farmingdale, NY 11735

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
MLD MORTGAGE INC. d/b/a THE MONEY STORE,

                               Plaintiff,

                 -against-

DENISE VERACKA,

                              Defendant.

Index No.:

Complaint

-------------------------------------------------------------------------X

        Plaintiff, MLD MORTGAGE INC. d/b/a THE MONEY STORE ("MLD"), by its attorneys, Forchelli Deegan Terrana LLP, as and for its complaint, alleges as follows:

## THE PARTIES

        1.    At all times hereinafter mentioned, MLD was and is a mortgage company duly licensed to do business under the laws of the State of New York. MLD is engaged in the sale of mortgage loans.

        2.    Upon information and belief, Defendant, Denise Veracka ("Veracka") is an individual domiciled in Nassau County, New York.

        3.    At all times herein pertinent, Veracka was the Human Resources Manager for the East Meadow, Nassau County, New York branch of MLD.

        4.    This is an action for a judgment: (i) declaring that Defendant is responsible for damages as a result of her breach of oral contract and fiduciary duty to MLD.

## FACTUAL ALLEGATIONS

5.  Defendant was employed as the Human Resources Manager at MLD's East Meadow branch from February 9, 2013 through April 8, 2016.

6.  Veracka held herself out as and represented to her employer, and her fellow employees of the East Meadow MLD branch that she was the Human Resources Manager who had the requisite skillset to perform the functions of her employment for the benefit of MLD

7.  Upon information and belief, the Defendant was responsible for assuring that all employees in the branch were paid correctly in accordance with federal and state wage & hour laws.

8.  Defendant's son Ryan Veracka was employed by MLD at the East Meadow branch.

9.  Upon information and belief, as the Human Resources Manager the Defendant was responsible for correctly classifying employees as either exempt or non-exempt and if non-exempt that they are to be paid overtime.

10. Upon information and belief, Veracka was responsible for assuring that all New York State Wage acknowledgement forms were properly completed and signed by the MLD East Meadow employees, including her son Ryan.

11. Veracka executed the East Meadow employees "New York State Notice of Acknowledgment of Pay Rate and Payday" forms and designated the employees' status as exempt or non-exempt. She executed these forms with her title as the "HR Mgr".

12. On December 9, 2016 Veracka's son Ryan Veracka and Vincent Aldorisi who were loan officers in the East Meadow office filed an action in the Eastern District of New

2

York at 16-cv-7152 alleging that MLD did not properly pay them as non-exempt employees under federal and state labor laws and failed to properly fill out the New York Wage acknowledgment form.

13. Upon information and belief, as a result of Veracka's failure to correctly complete the New York Wage acknowledgment forms as alleged, as well as, her failure to properly classify her son Ryan and his co-worker Aldorisi as exempt or non-exempt employees, MLD was caused to suffer damages in the defense and settlement of this case.

14. Upon information and belief, MLD has suffered significant damages as a result of Veracka's breach of her obligations to MLD.

15. MLD has been forced to expend significant attorney fees and costs to defend the action.

16. MLD will also be obligated to compensate their attorneys for legal work done to reduce this claim to a judgment in an amount to be determined.

17. MLD has suffered and will continue to suffer loss to its reputation and goodwill by virtue of the fact that the above action is of public record.

18. In the action at 16-cv-7152 brought by Veracka's son Ryan and Vincent Aldorisi, MLD was compelled to settle for $650,000 to cauterize the potential exposure of a court verdict and continued legal fees, which settlement was approved by the Court on April 5, 2022.

### AS AND FOR A FIRST CAUSE OF ACTION FOR CONSEQUENTIAL DAMAGES FOR BREACH OF ORAL CONTRACT

19. MLD repeats and realleges each and every paragraph of this complaint as though fully set forth herein at length.

3

20. Upon information and belief, all of the damages sustained by MLD herein arose as a direct consequence of Veracka's failure to properly perform her contractual obligations in rendering Human Resource services to the East Meadow branch.

21. Upon information and belief, it was reasonably foreseeable to Veracka, at the time of performing her contractual obligations for MLD's East Meadow branch, that the type of damage exposure sustained by MLD herein would, in fact, be sustained as a result of a prospective failure to perform her contractual obligations as a Human Resources Manager.

22. Upon information and belief, as a result, of her failure to properly perform her contractual obligations MLD was subject to damages in being forced to defend the wage and hour lawsuit brought by her son Ryan.

23. Upon information and belief, the magnitude of the damages sustained by MLD herein was reasonably and readily foreseeable to Veracka at the time she undertook to perform the Human Resources function for the East Meadow office.

24. Upon information and belief, Veracka's failure to perform her contractual obligations at the MLD East Meadow branch proximately caused her son Ryan's federal action exposing MLD to significant damages and the legal costs to defend the action.

25. Upon information and belief, Veracka failed to act responsibly in the best interest of her employer MLD, but rather instead engaged in a course of conduct for the benefit of her son, Ryan.

AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

26. MLD repeats and realleges each and every paragraph of this complaint as though fully set forth herein at length.

4

27. Upon information and belief, Veracka as the Human Resources Manager for the East Meadow branch had a fiduciary duty to MLD to perform her job correctly.

28. Upon information and belief, Veracka breached that fiduciary duty to MLD as the Human Resources Manager for the East Meadow branch when she failed to properly perform her functions as the Human Resources Manager.

29. Upon information and belief, Veracka's breach of her fiduciary duty in making the MLD East Meadow branch wage and hour compliant proximately caused her son Ryan's aforementioned federal action exposing MLD to significant damages.

30. As a result of Veracka's actions, MLD has been damaged in having to resolve this suit and the damages claim became enforceable as of April 5, 2022 with the approval of the settlement by the Court.

WHEREFORE, Plaintiff, MLD, demands judgment as follows:

    a. On the first cause of action, declaring that Veracka breached her contractual obligations to MLD and, as a result, should be required to pay any damages resulting from such breach.

    b. On the second cause of action, declaring that Veracka breached her fiduciary duty to MLD and, as a result, should be required to pay any damages resulting from such breach.

    c. Granting Plaintiff such other and further relief as this Court deems just and proper, together with costs and disbursements.

5

Dated: Uniondale, New York
April 8, 2021

_____
Keith J. Frank, Esq.
FORCHELLI DEEGAN TERRANA LLP
Attorneys for Plaintiff
MLD MORTGAGE INC. d/b/a THE
MONEY STORE
333 Earle Ovington Boulevard, Suite 1010
Uniondale, NY 11530
(516) 248-1700

6